# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EXAVIER WARDLAW | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 18-1128 |
| | : | |
| THE CITY OF PHILADELPHIA, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**  **March 20, 2018**

Exavier Wardlaw *pro se* sues the City of Philadelphia, the Philadelphia Water Revenue Department, Jane Doe #1, Jane Doe #2, Jane Doe #3, and Jane Cottom. He also moves to proceed *in forma pauperis*. We grant Mr. Wardlaw leave to proceed *in forma pauperis*, dismiss his Complaint, and offer leave to amend.

**I.  Alleged Facts**

Mr. Wardlaw alleges he met with City employees Jane Doe #1 and her supervisor in May or June 2015[1] to discuss restoring his water service. The City employees told him he would need to hire a plumber to repair pipes in his basement "so that a new water meter could be installed."[2] Mr. Wardlaw contends he "hired a plumber, the work was completed and a new water meter was installed."[3] Jane Doe #1 then informed him "that despite [him] hiring a plumber and a new meter the water service will not be restored."[4] Mr. Wardlaw claims this conduct deprived him of his civil rights.

Mr. Wardlaw alleges Jane Doe #1 and Jane Doe #2 conspired "to intentionally inflict emotional pain and distress upon [him] and [his] family by entering falsehoods in the public record that lie being that [their] home was unoccupied and not noting that [they] have a tax agreement with the City of Philadelphia."[5] He alleges Defendants violated his civil rights based

on his race under 42 U.S.C. § 1981.⁶ As relief, Mr. Wardlaw asks we order the City Defendants to restore his water services, "unspecified compensatory and punitive damages," and "the cost for [his] recent hospital stay in the emergency ward."⁷

II.   Analysis

### A. We grant Mr. Wardlaw leave to proceed *in forma pauperis*

We will grant Mr. Wardlaw leave to proceed *in forma pauperis* as it appears he is incapable of paying the fees necessary to commence this action. Under 28 U.S.C. § 1915(e)(2)(B)(ii) we must dismiss the Complaint if Mr. Wardlaw fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)⁸, which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."⁹ Conclusory statements and naked assertions do not suffice.¹⁰ We may also consider matters of public record.¹¹ As Mr. Wardlaw is proceeding *pro se*, we construe his allegations liberally.¹²

Rule 8(a) of the Federal Rules of Civil Procedure requires Mr. Wardlaw to plead "a short a plain statement of the claim showing that the pleader is entitled to relief." We may *sua sponte* dismiss a complaint not complying with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."¹³ Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." ¹⁴

2

### B. Mr. Wardlaw does not plead a civil rights claim.

Mr. Wardlaw vaguely alleges the Defendants violated his civil rights based on his race under 42 U.S.C. § 1981:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.[15]

To state a claim under § 1981, Mr. Wardlaw "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts."[16] Mr. Wardlaw fails to allege he is a member of a racial minority and the Defendants discriminated against him on the basis of his race. As pled, he fails to state a claim under § 1981.

To the extent Mr. Wardlaw alleges civil rights claims under 42 U.S.C. § 1983, he fails to comply with Fed. R. Civ. P. 8 and fails to state a claim under § 1915(e)(2)(B)(ii). Mr. Wardlaw fails to suggest the Defendants' conduct "deprived [Mr. Wardlaw] of rights, privileges, or immunities secured by the Constitution or laws of the United States."[17]

Any § 1983 claims based upon conduct in May or June 2015, as Mr. Wardlaw suggests, is time-barred. In § 1983 actions, we apply the statute of limitations governing personal injury claims in the state where the cause of action arose.[18] In Pennsylvania, where Mr. Wardlaw's claims arose, the relevant statute of limitations is two years.[19] The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based."[20] If Mr. Wardlaw is solely complaining about conduct in May and June 2015, the

3

statute of limitations began to run in June 2015 and expired in June 2017, making Mr. Wardlaw's claims late by nine months.

In deference to Mr. Wardlaw's *pro se* status, we grant leave to file an amended complaint within thirty (30) days if he can cure these defects in good faith. His amended complaint shall identify all defendants in the caption in addition to the body of his amended complaint, and detail the basis for his claims against each defendant. If Mr. Wardlaw fails to timely file an amended complaint, we may dismiss his case for failure to prosecute without further notice.

### III. Conclusion

We grant Mr. Wardlaw's motion to proceed *in forma pauperis* but dismiss his Complaint in the accompanying Order. Our dismissal is without prejudice to Mr. Wardlaw's ability to timely file an amended complaint if he can cure the defects.[21]

---

[1] ECF Doc. No. 1-1 at 3.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] According to the Complaint, Mr. Wardlaw has emphysema and suffers from seizures. (ECF Doc. No. 1-1 at 4.) He went to the hospital two weeks prior to submitting this Complaint, and alleges that his condition "is aggravated by dehydration." *Id.*

[8] See *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[10] *Id.*

[11] *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

4

[12] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[13] *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

[14] *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

[15] 42 U.S.C. § 1981(a).

[16] *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (quoting *Yelverton v. Lehman*, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd mem.*, 175 F.3d 1012 (3d Cir. 1999)) (alterations in original).

[17] *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

[18] *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[19] *See* 42 Pa. Cons. Stat. § 5524.

[20] *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

[21] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).