IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EXAVIER WARDLAW, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-1128 |
| | : | |
| THE CITY OF PHILADELPHIA, *et al.*, | : | |
| Defendants. | : | |

KEARNEY, J.                                                                                       May 23, 2018

**MEMORANDUM**

Exavier Wardlaw *pro se* sued the City of Philadelphia, the Philadelphia Water Revenue Department, Jane Doe #1, Jane Doe #2, Jane Doe #3, and Jane Cottom concerning his inability to obtain water service. After dismissing his *pro se* Complaint with leave to amend, Mr. Wardlaw filed an Amended Complaint naming the Philadelphia Water Revenue Department, Mrs. Harrigan, and S. Cottom as Defendants.[1] Mr. Wardlaw still cannot state a claim for relief under 42 U.S.C. § 1981 and his claims under 42 U.S.C. § 1983 are time-barred.[2] We dismiss his Amended Complaint in the accompanying Order.

**I.    Facts alleged in Amended Complaint.**

In May or June 2015, Mr. Wardlaw visited the Philadelphia Water Revenue Department to restore water service at his address.[3] The Water Department told him "the property owner had been deported and that it was [his] responsibility to repair the basement pipes so that a new water meter could be installed and then the service restored."[4] Subsequently, "[t]he repairs were made and a new meter was put in."[5]

Mr. Wardlaw claims Mrs. Harrigan "through misfeasance, malfeasance, nonfeasance and meaness breached a verbal agreement to restore a human service."[6] She "conspired with others through nonfeasance to not correct the city records [ensuring] that [his] rights would be denied."[7]

1

Mr. Wardlaw alleges Ms. Cottom was "a part of this conspiracy from the onset."[8] At some point, Mr. Wardlaw visited Ms. Cottom to "request the names of those involved" in the refusal to restore services.[9] She "refused to give [him] any information other than pointing to her name tag on the wall and in an act of retaliation, she went and got the security guard to have [him] removed from the building."[10]

Mr. Wardlaw filed his case on March 20, 2018 invoking our federal question jurisdiction because "[t]he right to water is the right to life and the right to live in sanitary conditions."[11] He "believe[s] ... [his] 9th Amendment rights have been violated."[12] He asks we "order the Water Revenue dept to correct the city records to indicate that [his address] is occupied and that [he has] a tax payment agreement with the City."[13] Mr. Wardlaw also seeks "unspecified compensatory and punitive damages."[14]

## II. Analysis

Mr. Wardlaw cannot correct the defects of his Complaint and cannot state a claim for acts occurring in 2015.[15] Mr. Wardlaw asserts claims under 42 U.S.C. § 1983 including under the Ninth Amendment. Mr. Wardlaw's claims under the Ninth Amendment are misplaced, as "the Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees."[16]

To the extent Mr. Wardlaw contends the Defendants' conduct deprived him of specific "rights, privileges, or immunities secured by the Constitution or laws of the United States,"[17] such claims are untimely. Mr. Wardlaw complains of conduct in May or June 2015. In § 1983 actions, we apply the statute of limitations governing personal injury claims in the state where the cause of action arose.[18] In Pennsylvania, where his claims arose, the relevant statute of

2

limitations is two years.[19] The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based."[20]

Mr. Wardlaw is complaining about conduct occurring in May and June 2015. The statute of limitations began to run in June 2015 and expired in June 2017. His March 20, 2018 claims are untimely by approximately nine months.

### III. Conclusion

We dismiss Mr. Wardlaw's Amended Complaint. As his claims are untimely, we deny leave to file a second amended complaint because further amendment would be futile.[21]

---

[1] ECF Doc. No. 7.

[2] *Id.* at *2.

[3] ECF Doc. No. 7.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 4.

[14] *Id.*

3

[15] We granted Mr. Wardlaw leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires we dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires we determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* We may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mr. Wardlaw is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[16] *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006) (citation omitted); *see Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted).

[17] *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

[18] *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[19] *See* 42 Pa. Cons. Stat. § 5524.

[20] *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

[21] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).